IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK J. GRYNBERG, *ET AL.*, | * | Civil Action No.: 07-1490 |
| *Plaintiffs* | * | |
| | | Judge James Robertson |
| v. | * | |
| ELIE DOTE, *ET AL.*, | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT EARL CHERRY'S
## <u>MOTION TO DISMISS</u>

Defendant Earl Cherry ("Cherry") hereby moves to this Court pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) to dismiss him as a defendant.

His accompanying, supporting memorandum confirms that this Court does not have personal jurisdiction over Mr. Cherry and that this Court is an improper venue for claims against Mr. Cherry.

WHEREFORE, Mr. Cherry respectfully requests this Court to grant his motion.

Dated: December 3, 2007.

Respectfully submitted,

/s/J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
Suite 702
20 S. Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Fax: 410-510-1789

Mr. Cherry's Counsel

OF COUNSEL:
Bradley L. Drell
B. Eric Crooker
GOLD, WEEMS, BRUSER, SUES & RUNDELL
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Fax: (318) 445-6476

## CERTIFICATE OF SERVICE

_____ I hereby certify that on December 3, 2007 I caused the foregoing Motion and accompanying Memorandum in Support of Motion to Dismiss to be filed on the Court's CM/ECF system for service on all record counsel.


/s/J. Stephen Simms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK J. GRYNBERG, *ET AL.*, | * | Civil Action No.: 07-1490 |
| *Plaintiffs* | * | |
| | | Judge James Robertson |
| v. | * | |
| ELIE DOTE, *ET AL.*, | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

# MEMORANDUM SUPPORTING DEFENDANT EARL CHERRY'S MOTION TO DISMISS

This Court should dismiss Earl Cherry ("Cherry") as a defendant, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3). This lawsuit bears absolutely no connection to the District of Columbia. This Court therefore lacks personal jurisdiction over Mr. Cherry and, even if jurisdiction did lie, this District is not the proper venue for this lawsuit against Mr. Cherry.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Jack J. Grynberg and RSM Production Corporation ("RSM") suit here essentially claims damages for interference with a concession agreement that RSM had with the Central African Republic ("CAR"). The concession agreement was reached with the CAR's previous administration, ousted by a coup d'etat. The current government has since been put in place in the CAR by elections.

RSM alleges that Cherry telephoned RSM regarding the use of Cherry's services as a pilot of a C-130 in the CAR. RSM further alleges that Mr. Cherry offered to facilitate payment of a bribe to the President of the CAR, co-defendant Francois Bozizeé. While Cherry denies that he offered to

facilitate such a bribe, the instant motion and this memorandum seeks dismissal of this action as to Cherry due to the lack of personal jurisdiction and proper venue.

The Declaration of Earl Cherry, filed herewith as Exhibit A, states that Cherry is and at all relevant times was an American citizen and a domiciliary of Rapides Parish, Louisiana. Further, Cherry states that he has no contacts, ties, or relations to the District of Columbia, and does not transaction business, provide services, or own property there.

## II. LAW AND ANALYSIS

### A. FRCP 12(B)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

#### 1. Plaintiffs bear the burden of proof

When personal jurisdiction is challenged, the plaintiffs bear the burden of establishing personal jurisdiction over each individual defendant. *Burman v. Phoenix Worldwide Indus., Inc.*, 437 F. Supp.2d 142 (D.D.C.2006). To meet this burden, plaintiffs must allege specific facts on which personal jurisdiction can be based and cannot rely on conclusory allegations. *Atlantigas Corp v. Nisource, Inc.*, 290 F. Supp.2d 34, 42 (D.D.C.2003). Furthermore, the plaintiffs "cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Id.* In this case, plaintiffs allege subject matter jurisdiction over Earl Cherry, based on diversity, pursuant to 28 U.S.C. § 1332. *See* Pls.' Am. Compl. ¶ 8.

#### 2. Personal Jurisdiction Requires a Two Part Test

In a diversity case, the court's personal jurisdiction over a nonresident defendant depends upon state law, or in this case, the law of the District of Columbia. *See Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). This is a two part analysis into whether, first, there is an applicable

long-arm statute that would authorize service on the defendants, and second, whether the application of such a statute would comply with the demands of due process. *See e.g. Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030-31 (D.C. Cir. 1997).

    **(a)**    **District of Columbia Long Arm Statute**

Under District of Columbia law, personal jurisdiction can be satisfied either by demonstrating that the court has general jurisdiction pursuant to District of Columbia Code section 13-422 or specific jurisdiction under its long-arm provision pursuant to District of Columbia Code Section 13-423. It is clear that Cherry, a Louisiana citizen and domiciliary, cannot be subjected to the general jurisdiction of the District of Columbia courts.[1] Cherry Decl. ¶1. As discussed below, he is also not subject to the District's long arm statute.

The District of Columbia's long arm states in relevant part:

(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's –

(1) transacting any business in the District of Columbia;

(2) contracting to supply services in the District of Columbia;

(3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

(4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

(5) having an interest in, using, or possessing real property in the District of Columbia;

D.C. Code § 13-423.

---

[1] The District of Columbia Code, section 13-422 states in relevant part "[t]he District of Columbia court may exercise personal jurisdiction over a person domiciled in … the District of Columbia as to any claim for relief. *See.* D.C.CODE § 13-422.

### (b) The Complaint Does Not Set Forth Facts Establishing Long-Arm Jurisdiction

Plaintiffs' complaint does not set forth any allegations of fact that would establish jurisdiction under the long arm statute. Plaintiffs' complaint alleges three causes of action: "Tortious Interference with Contract," "Tortious Interference [with] (sic) Economic Relations" and "Civil Conspiracy." *See* Pls.' Am. Compl. ¶¶ 67-87. The sole averment relating to Cherry alleges he placed a telephone call to plaintiff, Jack J. Grynberg, CEO of Colorado based RSM Production Company ("RSM"), with regard to a C130 plane he operated on behalf of the CAR. *See Id.* at ¶ 66. Not only is this conversation Cherry's only alleged contact with Grynberg and RSM, but it is also wholly unrelated to the factual allegations underpinning plaintiffs' claims of tortious interference with contract and economic relations. As to the only tangentially related cause of action, civil conspiracy[2], *the Complaint fails to allege Cherry took any action that would subject him jurisdiction under the District of Columbia's Long-Arm statute.* It is clear that Cherry does not transact business, provide service, or own property in the District of Columbia. *See* Cherry Decl. ¶*2*. It is also apparent that Cherry has not engaged in tortuous conduct or caused tortious damage within the District of Columbia since Cherry's alleged conduct took place in Louisiana and the alleged tortious damage occurred in either Colorado or Texas.[3] *See* Pls.' Am. Compl. ¶¶ 66, 1, 2.

---

[2] A bare allegation of conspiracy or agency is conclusory and insufficient to establish personal jurisdiction. *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378-79 (D.C.Cir.1988).

[3] *See Majhor v. Kempthorne*, --- F.Supp.2d ----, 2007 WL 3171818 (D.D.C. 2007) (noting that even if the Court could construe the plaintiff's allegations as stating a claim for "tortious injur [ies]," such injuries are not alleged to have occurred or manifested in the District of Columbia as required by the District of Columbia long-arm statute). Here, plaintiffs' complaint seeks damages for losses suffered by RSM, a Texas corporation with its principal place of business in Colorado. Although Grynberg, individually, is oddly named as a plaintiff in this litigation, he is also a citizen of

(continued...)

The absence of a state long-arm statute reaching Cherry's activities denies the court personal jurisdiction and additional analysis is unnecessary.[4]  *Mwani v. Bin Laden*, 417 F.3d 1, 9 (D.C. Cir. 2005).

### ( c)   Due Process Requires That Cherry Be Dismissed From This Litigation

Even assuming, *arguendo*, the broadest of the District of Columbia's Long-Arm provisions somehow reaches Cherry's alleged conduct, the demands of due process cannot be satisfied.  The most encompassing of the District of Columbia's long-arm provisions states that the court can exercise personal jurisdiction over a defendant if the claim arises from the defendant's "transacting any business in the District of Columbia." D.C.Code § 13-423(a)(1). This provision is "given an expansive interpretation" that is "coextensive with the due process clause."[5] *Mouzavires v. Baxter*, 434 A.2d 988, 992 (D.C.1981); *see United States v. Ferrara*, 54 F.3d 825, 828 (D.C.Cir.1995); *Crane*, 814 F.2d at 762.  Thus, to satisfy the Due Process Clause, the issue is whether Earl Cherry purposefully established "minimum contacts with [the District of Columbia] such that the

---

(...continued)
Colorado and his inclusion does not change the analysis of tortious damage.  The complaint does not allege that tortious injuries occurred in the District of Columbia.

[4] In *Mwani*, the District of Columbia Circuit Court of Appeals noted that additional analysis was warranted due to the 1993 amendment to the Federal Rules of Civil Procedure that added a federal long arm provision applicable to jurisdiction premised on a federal question.  *See* F.R.C.P. 4(K)(2) (If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to <u>claims arising under federal law</u>, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.). Here, jurisdiction is not invoked by a federal question and that analysis is unnecessary.

[5]  Not all of the long-arm provision subparts are as expansive.  For example, subparts (a)(3) and (4) stop short of the outer limits of due process and demand a more significant level of contacts than that required by the Due Process Clause. *Mwani*, 417 F.3d at 9; *Moncrief v. Lexington Herald-Leader Co.*, 807 F.2d 217, 221 (D.C. Cir.1986).

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457 (1940)). Under this "minimum contracts" standard, courts must insure that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Particularly relevant here, is the fact that the Due Process Clause of the Fourteenth Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relation, . . . [b]y requiring that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (internal quotation omitted). This fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Id*. It is "essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Creighton Ltd. v. Gov't of State of Qatar*, 181 F.3d 118 (D.C. Cir.1999).

In this case, there is no evidence that Cherry "purposefully directed" any activities at the District of Columbia.  Nor is there any evidence that Cherry has any "contacts, ties, or relation" to the District of Columbia other than through the plaintiff's lawsuit.  *Id*.; *see* Cherry Decl. ¶¶ 2-3. Finally, there is no single act pled by the plaintiffs whereby Cherry availed himself of the benefits and protections of the District of Columbia.  Asserting personal jurisdiction over such a defendant would therefore not comport with the fundamental notions of "fair play and substantial justice" that inform the minimum contacts rule.  Accordingly, plaintiffs cannot meet their burden of establishing

sufficient minimum contacts justifying this Court's jurisdiction over a nonresident defendant.

Further, even if this Court were to find minimum contacts between Cherry and the District of Columbia, the analysis of personal jurisdiction does not end there. Factors such as the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiffs' interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies, must also be considered by this Court. *Burger King Corp.*, 471 U.S. at 476-477 *citing World Wide Volkswagen*, 444 U.S. at 292; *See also Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 113-114 (1987).

The District of Columbia has no particular interest in resolving this particular lawsuit among a Colorado resident and a Texas corporation against a Louisiana defendant and several defendants who are citizens of a foreign country involving contractual rights to drill for oil in the CAR. None of the parties to this lawsuit resides in the District; therefore, the District has no interest in providing a forum to resolve this dispute to one of its residents. The burden on Cherry to defend this lawsuit in a forum far away from his home state of Louisiana is extremely high, as this will require lengthy travel either by air, train, or automobile to attend court hearings and the trial in this matter. The plaintiffs' burden to litigate in Federal District Court in either Louisiana or the District of Columbia is essentially the same, that being substantial travel, although Louisiana is geographically closer to both Texas and Colorado than is the District of Columbia. The District of Columbia does not have any substantial social policies at issue in this lawsuit, as none of the activities mentioned in the lawsuit occurred within the District. Further, a Louisiana federal court can give the plaintiffs the same level of effectiveness and efficiency of relief that this district court could give as to Cherry and the alien defendants, so this particular interest does not weigh in favor of the propriety of jurisdiction

by the courts of the District of Columbia. On the whole, the burden on Cherry to litigate in the District of Columbia clearly tips the balance of these foregoing factors against personal jurisdiction over Cherry in the District of Columbia.

Therefore, plaintiffs' lawsuit against Cherry should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) since it is clear from the above that this Court has no personal jurisdiction over Cherry.[6]

### B. FRCP 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE

Venue in this court is also improper. Plaintiffs allege proper venue pursuant to 28 U.S.C. §1391(f) or alternatively, §1391(d). As relates to the District of Columbia in this case, these provisions state in relevant part "(d) An alien may be sued in any district. … (f) A civil action against a foreign state as defined in section 1603(a) of this title may be brought … in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof." Cherry is neither an alien nor a foreign state. Furthermore, neither of these subsections, even if appropriate for establishing venue for the remaining defendants, can be used to cure the improper venue as to Cherry. As discussed in detail below, plaintiffs' suit does not name the CAR and this action can be properly brought in the Western District of Louisiana under 28 U.S.C. 1391(a) and (d).

Section1391(f) is not applicable to this lawsuit because the remaining defendants are being sued as individuals and are not foreign states, pursuant to 28 U.S.C. §1603(a), inasmuch as the

---

[6] Plaintiffs may attempt to argue that this court has jurisdiction by necessity, see *Shaffer v. Heitner*, 433 U.S. 186, 211, n. 37 (1977). However, pursuant to 28 U.S.C. §1391(d), an alien may be sued in any district in the United States. Inasmuch as all of the defendants in this lawsuit can be sued in the Western District of Louisiana where Cherry resides, clearly the U.S. District Court for the District of Columbia is not a forum of necessity.

lawsuit claims these defendants acted to interfere with plaintiffs' alleged contract with the CAR, the foreign state which would otherwise be imputed to the defendants under the Foreign Sovereign Immunities Act. *See I.T. Consultants v. The Islamic Republic of Pakistan*, 351 F.3d 1184, 1287, 1191 (D.C. Cir. 2003).[7] Thus, not only is §1391(f) obviously inapplicable to Cherry, it is also inapplicable to the remaining defendants as well.

      The sub-section of §1391(f) that grants venue for Foreign Sovereign Immunities Act claims in the District of Columbia, subpart (4), applies only to suits against a foreign state or a political subdivision thereof. It does not apply to agencies or instrumentalities of a foreign state. *See* Wright, Miller, and Cooper, *Federal Practice and Procedure*, Vol 14D, Jurisdiction 3rd, §3810.1 at 290 (Thomson-West, 2007). In this case, the alien defendants are named as instrumentalities of the CAR, viz., the President, the Prime Minister, the Minister of Mines & Energy, the Minister of Finance, the Ambassador to the United States. In the case of *Gibbons v. Republic of Ireland*, 532 F.Supp. 668 (D. D.C. 1982), the court, after dismissal of the Republic of Ireland for lack of jurisdiction, held that §1391(f)(4) did not apply to instrumentalities of a foreign state, and determined that venue in the District of Columbia was thereafter improper as to two instrumentalities of the Irish Republic, Usaras na Gaeltachta and the Industrial Development Authority of Ireland. The court stated: "It is necessary to dismiss this case as to the Republic of Ireland. As a result, venue will not lie here." *Id*. at 672 *citing* 28 U.S.C. §1391(f). In the present case, the CAR is not even named as a defendant. Under the holding in *Gibbons*, §1391(f)(4) is inapplicable to the alien defendants in this action as instrumentalities of the CAR. Therefore, venue

---

[7] In *I.T. Consultants*, plaintiff sued Pakistan's Minister of Agriculture for tortuous interference with contract and the court ruled that the plaintiff could not "have [his] cake and eat it, too" in also claiming that the minister was a foreign state under the Foreign Sovereign Immunities Act. *Id*. at , *Id*. at 1188, 1192.

does not lie in the District of Columbia under this section of the statute.

28 U.S.C. §1391(d), which provides that an alien may be sued in any district, cannot be used to create venue in the District of Columbia against Cherry, a citizen of the United States. Venue in an action in which an alien and a citizen are joined as defendants is proper in any district in which venue would be proper if the citizen was sued alone. *See* Wright, Miller, and Cooper, *supra*, Vol 14D, §3807 at p. 246 and §3810 at p. 284. Moreover, §1391(d) cannot be used to supply venue as to citizens of the United States. *In re Triton Ltd. Sec. Litigation*, 70 F.Supp.2d 678, 683 (E.D. Tex. 1999), citing *Japan Gas Lighter Assoc. v. Ronson Corp.*, 257 F.Supp. 219, 225 (D.N.J. 1966).

Lastly, there is also no other provision of law that can fix the venue of this action within the District of Columbia. As to Cherry, the plaintiffs cite diversity of citizenship as the basis for subject matter jurisdiction. 28 U.S.C. §1391(a) applies to diversity cases and states that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Since it is apparent that subparts one and two cannot create venue in the District of Columbia as to the defendants and facts in this litigation, venue can only be proper in the District of Columbia if Cherry were subject to personal jurisdiction and there was no district in which the action may otherwise be brought. As shown above, Cherry is not subject to personal jurisdiction within the District of Columbia. Moreover, this action could have been brought in the United States District Court for the Western District of Louisiana, as this is the judicial district in which Cherry, the only non-alien defendant in this action, resides and is subject to personal jurisdiction. Because of the

availability of an action in federal court in the Western District of Louisiana, subpart (3) of 28 U.S.C. §1391(a) does not create venue in the District of Columbia.  Venue in this Court is improper as to Cherry, and this action should be dismissed on that basis.

### III.  CONCLUSION

Defendant, Earl Cherry, requests that the Court enter judgment in favor of defendant, and against plaintiffs, granting the defendant's Motion to Dismiss the Plaintiff's Claims pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and dismissing Earl Cherry from this lawsuit, at plaintiffs' cost.

Dated: December 3, 2007.

Respectfully submitted,

/s/ J. Stephen Simms
J. Stephen Simms
Simms Showers LLP
Suite 702
20 S. Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Fax: 410-510-1789

Mr. Cherry's Counsel

OF COUNSEL:
Bradley L. Drell
B. Eric Crooker
GOLD, WEEMS, BRUSER, SUES & RUNDELL
2001 MacArthur Drive
P. O. Box 6118
Alexandria, LA  71307-6118
Telephone:  (318) 445-6471
Fax: (318) 445-6476

## CERTIFICATE OF SERVICE

    I hereby certify that on December 3, 2007 I caused the foregoing Memorandum in Support of Motion to Dismiss to be filed on the Court's CM/ECF system for service on all record counsel.

                                                      /s/J. Stephen Simms

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK J. GRYNBERG, *ET AL.*, | * | Civil Action No.: 07-1490 |
| *Plaintiffs* | * | |
| | | Judge James Robertson |
| v. | * | |
| ELIE DOTE, *ET AL.*, | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### DECLARATION OF EARL CHERRY
### UNDER PENALTY OF PERJURY PURSUANT TO
### 28 U.S.C. §1764

I, **EARL CHERRY**, under penalty of perjury pursuant to 28 U.S.C. §1764, do declare as follows:

1.

That I am, and have been at all times pertinent to the lawsuit filed against me by Jack J. Grynberg and RSM Production Corporation, a citizen of the United States and a domiciliary of the State of Louisiana, and, more specifically, Rapides Parish.

2.

That I do not transact business, provide services, or own property in the District of Columbia.

/

**EXHIBIT A**

3.

That I have no contacts, ties, or relations to the District of Columbia, other than the above captioned lawsuit.

This 3rd day of December, 2007.

/s/ Earl Cherry
**EARL CHERRY**