IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRYNBERG *et al.*,<br><br>　　　Plaintiffs,<br>v.<br><br>ELIE DOTE *et al.*,<br><br>　　　Defendants. | )<br>)<br>)<br>) Case No. 07-cv-1490 (JR)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-OPPOSITION TO DEFENDANT CHERRY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiffs Jack Grynberg and RSM Production Company respectfully request that the Court grant Plaintiffs leave to file the attached sur-opposition to Defendant Earl Cherry's Motion to Dismiss the First Amended Complaint. This sur-opposition is directed solely to (1) factual admissions contained in Mr. Cherry's supplemental declaration and (2) new legal arguments submitted to the Court for the first time in Defendants Reply brief in support of his Motion to Dismiss, in which Defendant claims that certain acts taken in Washington, D.C. cannot be considered for jurisdictional purposes pursuant to the "government contacts exception." Because the admissions in Mr. Cherry's supplemental declaration establish that he was transacting business in this district, and because the "government contacts exception" has been held not to apply in situations such as occurred or are alleged to have occurred in this matter, a brief sur-opposition is necessary to fully address Defendant's new facts and legal theories.[1]

---

[1] Plaintiffs conferred with counsel for Mr. Cherry and Mr. Cherry does not consent to granting Plaintiffs leave to file the attached sur-opposition.

- 2 -

For the foregoing reasons, Plaintiffs respectfully submit that the Court should grant Plaintiffs leave to file the attached sur-opposition. A proposed order is attached.


Dated: February 25, 2008          ____/s/_William T. O'Neil_____
                                                              William T. O'Neil (D.C. Bar #426107)
                                                              Burke O'Neil LLC
                                                              1718 20th Street
                                                              Washington, D.C. 20009
                                                              Telephone: (202) 232-5504
                                                              Facsimile: (202) 232-5513

                                                              Daniel L. Abrams
                                                              2 Penn Plaza, Suite 1910
                                                              New York, New York 10121
                                                              Telephone:  (212) 292-5663
                                                              Facsimile:  (646) 536-8905

                                                              Samuel Z. Yahn
                                                              5299 DTC Boulevard, Suite 500
                                                              Greenwood Village, CO  80111
                                                              Telephone:  (303) 850-7490
                                                              Facsimile:  (303) 850-7498

- 3 -

**CERTIFICATE OF SERVICE**

    I, William T. O'Neil, do hereby certify that on the 25th day of February, 2008, I caused true and correct copies of Plaintiffs' Motion for Leave to File a Sur-Opposition To Defendant Earl Cherry's Motion to Dismiss to be served electronically via the Court's cm/ecf system and by e-mail upon the following individual at the address indicated:

>J. Stephen Simms, Esq.
>Simms Showers LLP
>Suite 702
>20 S. Charles Street
>Baltimore, MD 21201

      /s/ William T. O'Neil
    William T. O'Neil

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRYNBERG *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 07-cv-1490 (JR) |
| v. | ) |
| | ) |
| ELIE DOTE *et al.*, | ) |
| | ) |
| Defendants. | ) |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2008, in consideration of Plaintiffs' Motion For Leave to File A Sur-Opposition to Defendant Earl Cherry's Motion to Dismiss the First Amended Complaint, filed by Plaintiffs Jack J. Grynberg and RSM Production Corporation, the Court orders as follows:

1. Plaintiffs' are granted leave to file the Sur-Opposition to Defendant Earl Cherry's Motion to Dismiss the First Amended Complaint, attached to Plaintiffs' Motion for Leave to File.

_____
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRYNBERG *et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 07-cv-1490 (JR) |
| v. | ) |
| | ) |
| ELIE DOTE *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' SUR-OPPOSITION TO DEFENDANT CHERRY'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Plaintiffs submit this sur-opposition to address several issues raised for the first time in Defendant Earl Cherry's reply brief in support of his Motion to Dismiss. In support of his reply brief, Defendant submitted a supplemental declaration that admitted that on at least one occasion, Mr. Cherry sent a facsimile to Defendant Touaboy's place of business, the Embassy of the Central African Republic, in Washington, D.C. As noted below, this newly acknowledged fact supports Plaintiffs arguments that this Court has jurisdiction over Mr. Cherry under the District of Columbia long-arm statute. In addition to this factual admission, Mr. Cherry's reply brief also presents a legal argument, not previously raised, in which Defendant claims that certain acts taken in Washington, D.C. cannot be considered for jurisdictional purposes pursuant to the "government contacts exception." The very cases relied upon by Mr. Cherry make clear, however, that this exception does not apply when the actor was "pursuing a proprietary interest" rather than a strictly governmental interest. As Mr. Cherry contacted the Central African Republic for business reasons, not political reasons, the exception does not apply.

**1.    Mr. Cherry Admits That He Transacted Business In This District, And As A Result, He Is Subject To Personal Jurisdiction In This Court.**

In Mr. Cherry's supplemental declaration, he acknowledges that he sent a facsimile to the Central African Republic Embassy in Washington D.C. "regarding the purchase of the C-130," the same business for which Mr. Cherry first contacted Plaintiffs and offered to arrange for the transmission of bribes to the CAR defendants.  Cherry Supp. Dec. at ¶ 9.  In addition, Mr. Cherry admits to multiple phone calls with Ambassador Touaboy, but since these were to Ambassador Touaboy's cell phone, he disclaims knowledge that these calls would have been made into Washington D.C.  Mr. Cherry does not testify whether that cell phone number has a 202 area code.  *See FC Investment Group v. Lichtenstein,* 441 F.Supp.2d 3, 9 (D.D.C. 2006) (calls made into 202 area code evidence knowledge of dealings with District of Columbia for jurisdictional purposes).  These communications, which Plaintiff learned of only through Mr. Cherry's declaration submitted for the first time in his reply memorandum, are sufficient to establish a basis for personal jurisdiction over Mr. Cherry under the D.C. long-arm statute.  *See Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 511 (D.C. Cir. 2002) ("transactions by mail and telephone [can] be the basis for personal jurisdiction notwithstanding the defendant's lack of physical presence in the forum."); *Neal v. Janssen,* 270 F.3d 328, 332 (6th Cir. 2001) (holding that "making phone calls and sending facsimiles into the forum" may be sufficient to confer specific jurisdiction).[1]

Mr. Cherry attempts to argue that these facsimiles and phone calls are unrelated to the present claim, but that is not true.  In evaluating these events, "a court should not focus only on

---

[1] Mr. Cherry's supplemental declaration arguably contradicts his first declaration in which he claimed that he had no "contacts" to the District of Columbia.  The facsimiles and phone calls certainly are contacts with an individual working in Washington, D.C.  At a minimum, the inconsistencies point out the need for jurisdictional discovery prior to making a finding that Mr. Cherry is not subject to jurisdiction in this district.

those matters that are in dispute or that directly led to the filing of the action," but should review "the entire sequence of events underlying the claim." *Cf., FC Investment Group,* 441 F.Supp.2d at 11 (applying rule in analyzing facts relevant to venue, citing *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)). The work that Mr. Cherry was doing for the Central African Republic which brought him into contact with Ambassador Touaboy are part of the same sequence of events that led Mr. Cherry to approach Mr. Grynberg about the bribery scheme on behalf of Mr. Cherry's co-conspirators. Mr. Cherry's aviation service, and Mr. Grynberg's perceived need for an aviation service in the Central African Republic, were the background which made the bribery scheme possible. These are not isolated and unrelated events, and are sufficient to establish this Court's jurisdiction over Mr. Cherry.

Mr. Cherry's supplemental declaration also describes his visits to Washington, D.C., and his reply brief then attempts to limit the jurisdictional effect of the meeting that took place in Washington D.C. between Plaintiffs' representative agents and certain the other Central African Republic defendants, because Mr. Cherry did not attend. As alleged in the complaint, the Defendants had been attempting to extract bribes from Plaintiffs for some time, and had held hostage Plaintiffs' concession when their efforts were not successful. *See Amended Complaint at ¶¶30-58.* The meeting in Washington D.C., which occurred on September 26, 2005, was part of this continuing process of refusing to deal in good faith while pressing demands for illegal payments. Mr. Cherry's co-conspirators did attend the meeting, and it is a clear example of an overt act in furtherance of the conspiracy which occurred in the District. *See Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) (the conspiracy jurisdiction test "does not demand that a contact be specifically alleged for each non-resident defendant."). The fact that Mr. Cherry was not in attendance is not dispositive in a conspiracy setting.

### 2. The Government Contacts Rule Has No Application in This Case.

Mr. Cherry claims that any contacts he had with the embassy or the ambassador in Washington, D.C. must be ignored for jurisdictional purposes pursuant to the "government contacts rule." The very case he cites, *AGS Intern. Services S.A. v. Newmont USA Ltd.*, 346 F.Supp.2d 64 (D.D.C. 2004), disproves his point. In *AGS*, the plaintiff sought to obtain jurisdiction over a defendant who operated an office in Washington for the purpose of monitoring legislative and regulatory matters and maintaining official contacts with the Congress and the executive branch. The court excluded such contacts from the jurisdictional analysis, citing the "government contacts rule." Other cases have suggested that the rule includes contacts the purpose of which was the maintenance of "relationships" with diplomatic missions. *See Fandel v. Arabia American Oil Company,* 345 F.2d 87 (D.C.Cir. 1965) (in seeking general jurisdiction over Saudi company with a government relations office in D.C., court excluded government contacts).

The *AGS* case recognized the long line of authority refusing to apply this rule in cases where the meeting was for commercial, rather than governmental, purposes, such as the meetings in this case. *See AGS*, 346 F.Supp.2d at 80 (noting that several cases refused to extend this exception to embassy meetings where the non-resident defendants was pursuing as proprietary interest or conducting business); *see also Fandel,* 345 F.2d at 89 (activities by companies whose agents in Washington are seeking contracts with other governments represented in Washington not subject to rule); *World Wide Minerals Ltd. v. Republic of Kazakhstahn*, 116 F.Supp.2d 98, 105-106 (D.D.C. 2000) (allowing meetings at the Kazakhstahn Embassy to be considered for jurisdictional purposes because they where commercial in nature and fell outside of the rule); *Dooley v. United Technologies Corp.*, 786 F.Supp. 65, 74-76 (D.D.C. 1992) (refusing to ignore

jurisdictional effect of meetings in embassy that included conducting business, not government relations).  By Mr. Cherry's own description, the facsimiles sent and phone calls made to the Central African Republic Embassy and Ambassador related to the purchase of the C-130 aircraft, Mr. Cherry's line of work, and were in no way related to "government relations."  As such, those contacts are not subject to the government contacts rule and can be the basis for this Court's exercise of jurisdiction.[2]

For the foregoing reasons, plaintiffs respectfully request that Defendant Cherry's Motion to Dismiss be denied.


Dated: February 25, 2008                              ____/s/ William T. O'Neil_____
                                                     William T. O'Neil (D.C. Bar #426107)
                                                     Burke O'Neil LLC
                                                     1718 20th Street
                                                     Washington, D.C. 20009
                                                     Telephone: (202) 232-5504
                                                     Facsimile: (202) 232-5513

                                                     Daniel L. Abrams
                                                     2 Penn Plaza, Suite 1910
                                                     New York, New York 10121
                                                     Telephone:  (212) 292-5663
                                                     Facsimile:  (646) 536-8905

                                                     Samuel Z. Yahn
                                                     5299 DTC Boulevard, Suite 500
                                                     Greenwood Village, CO  80111
                                                     Telephone:  (303) 850-7490
                                                     Facsimile:  (303) 850-7498

---

[2] Even applying for the visa, if it was done in D.C., would not be a governmental relations activity that would fall within the rule, because it was done for commercial purposes.

**CERTIFICATE OF SERVICE**

    I, William T. O'Neil, do hereby certify that on the 25th day of February 2008, I caused true and correct copies of Plaintiffs' Sur-Opposition To Defendant Earl Cherry's Motion to Dismiss to be served electronically via the Court's cm/ecf system and by e-mail upon the following individual at the address indicated:

        J. Stephen Simms, Esq.
        Simms Showers LLP
        Suite 702
        20 S. Charles Street
        Baltimore, MD 21201

          /s/ William T. O'Neil
          William T. O'Neil