IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACK J. GRYNBERG, *et al*, | * | CIVIL DOCKET NO.: 07-1490 |
| *Plaintiffs* | * | |
| | | JUDGE JAMES ROBERTSON |
| v. | * | |
| ELIE DOTE, *et al..*, | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**SURREBUTTAL MEMORANDUM IN SUPPORT OF
CHERRY'S MOTION TO DISMISS THE FIRST
<u>AMENDED COMPLAINT</u>**

Defendant Earl Cherry submits this Surrebuttal Memorandum in Support of his Motion to Dismiss in response to the Sur-Reply by the Plaintiff.

At the outset, it must be noted that the Plaintiffs did not address the issue of venue in their sur-reply. Cherry would submit that, under the case of *Abramoff vs. Shake Consulting Co., LLC*, 288 F. Supp. 2d 1, 3 (D.C. Cir. 2003), venue does not lie in the District of Columbia. This Court should dismiss this lawsuit on the basis of improper venue and need not reach the jurisdictional issues. Additionally, the sur-reply does not address the propriety of jurisdiction over Mr. Cherry and the burdens on him of litigating in this forum. Nor does the sur-reply address the non-existent interest of the District of Columbia in seeing this particular dispute resolved. The court could also dismiss this action for lack of personal jurisdiction on these bases as well.

The new arguments raised by the Plaintiffs regarding personal jurisdiction will be addressed by this memorandum out of an abundance of caution. These arguments address the minimum contacts aspect of personal jurisdiction.

I.  **Cherry's Contact With The District Of Columbia Are Insubstantial**

Plaintiffs cite *FC Investments Group vs. Lichtenstein,* 441 F. Supp. 2d 3, 9 (D.D.C. 2006) as support for the proposition that phone calls to area code 202 evidence knowledge of dealing with the District of Columbia for jurisdictional purposes.  However, the case merely states that phone calls and other communications made to the District of Columbia, directed to a resident of the District of Columbia, with such communications being made to defraud the said resident of his property may be sufficient to support jurisdiction.  The case says nothing about telephone area code 202 or cellular telephones.  The case does not state that phone calls by themselves can create jurisdiction.  The *Gorman vs. Ameritrade Holding Corporation*, 293 F. 3d 506 (D.C. Cir. 2002) involved jurisdiction over a national securities trading firm who had done business with numerous clients in the District of Columbia by phone, e-mail, and internet.  *Neal vs. Janssen,* 270 F. 3d 328 (C.A. 6 2001), like the *Lichtenstein* case, involved fraudulent communications to a forum resident who was thereby damaged in the forum.

In all of these cases the "quality" and "significance," not quantity of contact, supported jurisdiction.  *See Lichtenstein* at 9.   Mr. Cherry's contracts with the District of Columbia are negligible in significance - one facsimile transmission and phone calls to a cell phone that may have a D.C. area code on matter completely unrelated to Plaintiffs' claim.  These contacts are insufficient to support personal jurisdiction.

Plaintiffs then cite cases relevant to venue in stating that the Court should review "the entire sequence of events underlying the claim." (Plaintiffs' Sur-Reply at 3.)   The events that Plaintiffs describe, however, have nothing to do with Plaintiffs' claim and did not cause Plaintiffs any damages.  Nor have the Plaintiffs shown that any acts were in furtherance of any conspiracy.

Cherry's actions in helping to procure a C-130 airplane for the Central African Republic ("CAR") in no way affected the Plaintiffs nor gave rise to their claims.

This Court cannot assert general jurisdiction over Mr. Cherry as a Louisiana domiciliary with so few contacts with the District of Columbia. Specific jurisdiction is also lacking because the contracts admitted by Cherry did not give rise nor were they related to Plaintiffs claims. See *Burger King Corp. vs. Rudzewicz*, 471 U.S. 462, 471-472 (1985). To put it another way, Mr. Cherry's contacts with the District of Columbia lack any "significant connection" to the Plaintiffs' claims. See *World Wide Minerals, Ltd. vs. Republic of Kazakhstan,* 116 F. Supp. 2d 98, 106 (D.D.C. 2000).

Moreover, transacting business, for purposes of the District of Columbia Long Arm Statute, requires more than the few phone calls to a cell phone and a single facsimile transmission made by Cherry into the District to be considered sufficient to support jurisdiction. In the case of *F.C. Investment Group, LC v. IFX Markets, Ltd.*, 479 F.Supp.2d 30 (D.D.C. 2007), the plaintiffs sued a British company for fraud and civil conspiracy. The plaintiffs attempted to invoke specific jurisdiction over the defendant by virtue of the defendant's "regular" phone calls into the district. *Id.* at 39. This Court stated, "[T]he Court concludes that defendant's 'regular' phone calls into the District of Columbia from elsewhere do not constitute 'transacting business' in the District of Columbia. The Court may not assert specific jurisdiction over the defendant based on such contacts alone." In other words, while telephone contacts with a forum may be considered in the minimum contacts analysis, they are not sufficient by themselves to create jurisdiction.

This Court goes on to cite numerous cases involving telephone and facsimile calls to the District of Columbia that were far more numerous and significant than Mr. Cherry's.

In summary, in these cases, the courts found that personal jurisdiction was lacking. Mr. Cherry cannot be considered to have transacted business in the District of Columbia under the *F.C. Investment Group* case and the cases cited therein.

Additionally, this Court cannot invoke conspiracy jurisdiction over Mr. Cherry. The Plaintiffs' recent brief misses the point made by Cherry regarding the meeting between Mr. Coulter and certain CAR officials that allegedly is part of the conspiracy against the Plaintiffs. The argument does not solely rest on the fact that Mr. Cherry was not in attendance at that particular meeting. The alleged meeting took place <u>nearly one year before</u> Mr. Cherry had even met any of this alleged co-conspirators. It would be impossible at that time for Mr. Cherry to have knowledge of or consent to the meeting, or to have even consented to a common plan with his alleged co-conspirators. Mr. Cherry, in no way, could purposefully avail himself of the District of Columbia by virtue of this meeting. As the Court stated in *Youming Jin vs. Ministry of State Security,* 33 F. Supp. 2d 72, 80 (D.D.C. 2004), the Plaintiffs must make a "showing the three traditional elements of conspiracy jurisdiction . . . but also of purposeful availment." The Coulter meeting, as the alleged conspiratorial activities claimed in *Youming Jin*, do not show purposeful availment.

The Plaintiffs have alleged no actions by Mr. Cherry or any of his alleged co-conspirators after Mr. Cherry met them that further the alleged conspiracy in the District of Columbia. Plaintiffs' argument for conspiracy jurisdiction against Mr. Cherry must therefore fail.

## II. The Government Contacts Exception Should Apply In This Case.

Mr. Cherry's supplemental declaration states that he was retained by the CAR in Louisiana to aid the CAR government in the procurement of a C-130 airplane. After his retention, he aimed one facsimile transmission to the CAR Embassy in the District of Columbia regarding the purchase of the C-130. Mr. Cherry neither sought nor solicited business from the CAR in the District, but was fulfilling his obligations to aid the CAR in the procurement of the airplane. This one facsimile transmission hardly rises to the level of the numerous meetings by a defendant with the Republic of Kazakhstan at its embassy in the District of Columbia for the purpose of purchasing Uranium from state owned mines in *World Wide Minerals*, *supra*.

Moreover, the Plaintiffs do not allege that this facsimile transmission had anything to do with the alleged conspiracy or the other claims of the Plaintiffs. This single fax should be removed from the jurisdictional calculus under both the "Government Contacts" exception as this was part of the CAR government's procurement process rather than any regular commercial transaction with that government and because the Plaintiffs have not connected this fax in any way to the alleged conspiracy or any damages Plaintiffs have suffered. See *World Wide Minerals*, Id. at p. 106-107.

## III. Conclusion.

At this juncture, it is worth noting that Plaintiffs have yet to cite a case that sustained either personal jurisdiction or venue with the paucity of facts connecting a defendant or a claim to a forum that are found in this case.

On the other hand, there are plenty of cases cited by the defendants which have found that the court lacked jurisdiction or was an improper venue with facts that provided a stronger

connection between defendants or claims and a forum.

In sum, the facts of this case as regards jurisdiction and venue are fairly simple. The injured parties are from Texas and Colorado. The defendants are from the CAR or Louisiana. The contractual or economic relations damaged are in the CAR. The sole "connections" of Mr. Cherry to the District of Columbia are a meeting that took place between CAR officials and Mr. Coulter almost one year before Mr. Cherry was contacted by the CAR, a single fax to the CAR Embassy by Cherry regarding the CAR's purchase of a C-130 airplane, and calls to the cell phone of an ambassador while the ambassador was not in the District.

Clearly, these facts do not support venue or jurisdiction in the District of Columbia. This Court should now dismiss Mr. Cherry from this case.

Dated: March 17, 2008.
                                        Respectfully submitted,


| OF COUNSEL | /s/ J. Stephen Simms |
|---|---|
| GOLD, WEEMS, BRUSER, SUES & RUNDELL | J. Stephen Simms |
| Bradley L. Drell | Suite 702 |
| B. Eric Crooker | 20 S. Charles Street |
| 2001 MacArthur Drive  - P.O. Box 6118 | Baltimore, Maryland 21201 |
| Alexandria, LA 71307-6118 | Telephone: 410-783-5795 |
| Telephone: 318-445-6471 | Facsimile: 410-510-1789 |
| Facsimile: 318-445-6476 | |

                         Mr. Cherry's Counsel

## CERTIFICATE OF SERVICE

    I hereby certify that on March 17, 2008 a copy of the foregoing has been served on all counsel of record via the Court's CM/ECF system.

                                            /s/ J. Stephen Simms