United States District Court<br>District of Columbia

| | |
|---|---|
| Jack J. Grynberg et. al.,<br>    Plaintiff,<br>vs.<br>Elie Dote et. al.,<br>    Defendant | : Case No.: 1:07-CV-01490<br>: Judge Robertson<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**MOTION FOR DEFAULT JUDGMENT**

PURSUANT TO Rule 7(b)(1) of the Federal Rules of Civil Procedure, and along with the accompanying Memorandum of Law in Support of Motion, plaintiffs by and through their attorney, Kelly Pride Hebron, prays that this Court enter a judgment of default against defendants, Francois Bozize Yangouvonda, Emmanuel Touaboy and Sylvain N'Dountinagi for failure to file a response to the Complaint.

Dated this _16th_ day of June, 2008

By:/s/Kelly Pride Hebron
*Attorney for Plaintiffs*
Bar #MD13597
Pride Law Office LLC
1400 Mercantile Lane,
Suite 208
Largo, Maryland 20708
301.583.4633

Certificate of Service

I hereby certify that on June 16, 2008 I caused the foregoing Motion for Default Judgment and the accompanying Memorandum of Law to be filed on the Court's CM/ECF system for service on all record counsel.

/s/Kelly Pride Hebron

United States District Court
District of Columbia

| | |
|---|---|
| Jack J. Grynberg et. al.,<br>　　　　Plaintiff,<br>vs.<br>Elie Dote et. al.,<br>　　　　Defendant | : Case No.: 1:07-CV-01490<br>:<br>: Judge Robertson<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

## Statement of Facts

Plaintiff filed a Complaint against the defendant on August 17, 2007 in the United States District Court for the District of Columbia. The Complaint alleges: "This Complaint is in response to alleged act of tortuous interference with contract, tortuous interference with economic relations, and civil conspiracy". Plaintiff is seeking relief based on defendant's violations of Federal and District of Columbia laws.

On August 29, 2007, the Court issued a Summons for defendant Emmanuel Touaboy ("hereinafter referred to as Touaboy or defendants"), which, in part, notified defendant that it must, within twenty days after service of the Summons, file with the Clerk of Court, an Answer to the Complaint. Defendant, Touaboy, received service of the Complaint and Summons on September 4, 2007 and his Answer was due on September 24, 2007.

On November 8, 2007, the Court issued a Summons for Defendant Francois Bozize Yangouvonda ("hereinafter referred to as Bozize or defendants") and N'Doutingai

("hereinafter referred to as N'Doutingai or defendants"), which, in part, notified defendants that it must, within sixty days after service of the Summons, file with the Clerk of Court, an Answer to the Complaint. Defendants, Bozize and N'Doutingai, received service of the Complaint and Summons on February 5, 2008 and their Answers were due April 7, 2008.

By the expiration of the response periods as specified in each Summons, the defendants had not filed their Answers to the Complaint with the Clerk of this Court. On April 14, 2008, Plaintiffs filed an Affidavit in Support of Default for the defendants, Bozize, Touaboy and N'Doutingai and asked the court to enter a judgment by default. The defendants did not file for a motion to either extend the time to respond to the complaint or to the default judgment. The defendants neither offered an explanation for their failure to seek any extension of time to respond to the complaint nor provided any justification for their own failure to take action. The Clerk docketed an Entry of Default on April 15, 2008 as to the Defendants, Bozize, N'Doutingai and Touaboy.

### Applicable Rule of Law

Pursuant to the provisions of Rule 55 A (b)(2), Federal Rules of Civil Procedure, this Court is empowered to enter a default judgment against the defendants for relief sought by Plaintiffs in its complaint. Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain a default as filed in this matter on April 14, 2008. When Defendant against whom affirmative relief is sought has failed to plead or otherwise defend, Rule 55(a) empowers

the clerk of the court to enter a default against the Defendant as filed in this matter on April 15, 2008.

### Argument: Defendants failed to respond to the Complaint and Plaintiff is entitled to a Default Judgment as a Matter of Law

Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant shall serve its answer to a complaint within twenty days of service. The Summons, issued by the Court and served upon the defendants, Bozize, N'Doutingai and Touaboy together with the Complaint, notified the defendant of its obligation to file an answer with the Clerk of Court, within sixty days from the date of service.

Where, as here, based on the circumstances describe in this motion, the defendant did not respond to a properly served Complaint and did timely ignore a duly issued and properly served Summons from the United States District Court of Columbia, a default judgment, is the appropriate Order. The basic purpose of default judgment is to protect parties from undue delay-harassment. Delay may thwart Plaintiff's recovery or remedy. It also may result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." 10A Charles A. Wright, et al., Fed. Practice & Procedure: Civil § 2699, at 169 (3d ed. 1998), cited in Davis, 713 F.2d at 916.

Notably, Defendants offer no explanation for their failure to seek any extension of time to respond to the complaint. See McNulty, 137 F.3d at 740, Pecarsky v.Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001) ("the court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained"). Nor have the Defendants provided any justification for

their own failure to take action after receiving notice that the Plaintiffs have filed with the clerk Affidavits in Support of Default, thereby clearly signaling that Defendants did not take the requisite steps to defend their interests in the litigation.

There is no doubt that the failure to respond was not only grossly dilatory but willful. The failure to act was simply a total disregard of the Defendants' own fundamental obligation to this court.

Dated this _16th_ day of June, 2008

By:/s/Kelly Pride Hebron
 Bar #MD13597
 Pride Law Office LLC
 1400 Mercantile Lane,
 Suite 208
 Largo, Maryland 20708