IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                     )
                                                     )
JACK J. GRYNBERG and RSM PRODUCTION                  )
CORPORATION (5299 DTC Boulevard, Suite 500,          )
Greenwood Village, Colorado),                        )
                                                     )   07 Civ. 1490 (JR)
                        Plaintiffs,                  )
                                                     )
   -and-                                             )
                                                     )
ÉLIE DOTÉ, FRANÇOIS BOZIZÉ YANGOUVONDA,              )
SYLVAIN N'DOUTINGAI, EMMANUEL TOUABOY,               )
EARL CHERRY, and JOHN DOES 1-10,                     )
                                                     )
                        Defendants.                  )
                                                     )
                                                     )
                                                     )
                                                     )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO LIFT STAY AND FOR DEFAULT JUDGMENTS
AGAINST DEFENDANTS TOUABOY, BOZIZE AND N'DOUTINGAI**

Plaintiffs respectfully submit this memorandum of law in support of their Motion to Lift Stay and for Default Judgments against Defendants Francois Bozize, Sylvain N'Doutingai and Emmanuel Touaboy (when referred to collectively, the "Defaulting Defendants").

**BACKGROUND**

On January 14, 2009, this Court stayed this action in favor of an ICSID proceeding which is presently pending between Plaintiff RSM Production Corp. and the

1

Central African Republic, a non-party to this dispute to which the Defendants herein are affiliated. Pending at the time of the Stay was Plaintiffs' Motion for Default Judgments against three Defendants who had failed to appear in this lawsuit – Defendants Francois Bozize, Sylvain N'Doutingai and Emmanuel Touaboy. The Memorandum of Law in Support of Plaintiffs' Motion for Default Judgments against these individuals is attached hereto as Exhibit A and fully incorporated herein.

In the eight-plus months since the Court issued a stay, Plaintiff Jack J. Grynberg has taken some preliminary steps to ascertain the existence, location and potential recoverability of assets belonging to Individual Defendants who are in default in this case. See Accompanying Affidavit of Jack J. Grynberg at ¶ 2. He has reason to believe that potentially recoverable assets are presently in existence in the Cayman Islands, the Bahamas, and Burkina Faso. Id. However, Mr. Grynberg anticipates that this will be an expensive and time-consuming process. Id. at ¶ 3.

Mr. Grynberg is 77 years old. The hearing in the related ICSID case is set for February 2010, but the time between a hearing and ultimate decision is uncertain. RSM's other ICSID case involved a 20-month wait between the ICSID hearing and the ultimate decision. Id. at ¶ 4.

Accordingly, this motion respectfully requests that the Court lift the stay presently in place and proceed in granting Plaintiffs Default Judgments against the Defendants who failed to answer or otherwise move with respect to the Complaint.

**ARGUMENT**

Courts generally have discretion to stay proceedings on their docket. That power is incidental to the power inherent in any court to control the disposition of the causes on

its docket with economy of time and effort for itself as well as the parties. See <u>U.S. ex rel. Westrick v. Second Chance</u>, 2007 WL 1020808 (D.D.C. 2007). Here, this Court should conclude that continued delay is not warranted because (1) the parallel ICSID proceeding threatens to moot Plaintiffs' efforts to enforce any judgment, (2) this case raises issues separate and distinct from those raised in the ICSID proceeding, and (3) all that is left for this Court to do is to rule on Plaintiffs' fully-submitted motion for a Default Judgment. These three points will be addressed in turn.

<u>First</u>, the ICSID proceeding may very well be years from any final conclusion. Plaintiff Jack J, Grynberg is 77 years old. Defendants Bozize and N'Doutangai have secreted certain assets in jurisdictions known for making judgment enforcement difficult, and Plaintiffs are anticipating an expensive and time-consuming process. The sooner Plaintiffs have a judgment which it can attempt to domesticate in an appropriate foreign jurisdiction and thereafter enforce, the sooner Plaintiffs can hopefully reach some assets. And the less time the defaulting Defendants will have to structure their finances in such a way as to frustrate Plaintiffs' collection efforts.

<u>Second</u>, this case raises issues separate and distinct from those raised in the ICSID proceeding. There is no resolution of the ICSID proceeding that will serve to undermine Plaintiffs' judgment on the tortious interference with economic advantage claim, since the ICSID proceeding is limited to contractual issues.

As further detailed in the brief attached hereto as Exhibit A, this case and the arbitration overlap primarily on one issue – whether CAR breached its exclusive contract with RSM. This lawsuit involves both a contractual theory and non-contractual ones. Defendants' conduct in tortiously interfering with the economic relationship between RSM and CAR, and conspiring to interfere with that relationship, by seeking to make CAR's continued willingness to do business with RSM dependent upon the payment of bribe money are not being litigated in the arbitration. Thus, the identity of issues is limited. And there is no possibility of an inconsistent ruling on the interference with business relationship claims.

For this reason, tortious interference with economic relations lawsuits often move forward despite the pendency of breach of contract proceedings in another forum. See Michele Pommier Models, Inc. v. Men Women N.Y. Model Management, Inc., 97 Civ. 6837, 1997 WL 724575, 4 N.2 (S.D.N.Y. Nov.18, 1997) (denying motion to dismiss in tortious interference case where question of whether there was an underlying breach was being litigated in Florida); Richmond Valley Products, Inc. v. St. Paul Fire & Marine Ins. Co., 1995 WL 675598 (W.D. Wis. 1995) (motion to stay denied – appeal of breach of contract case will not resolve tortious interference case); Meldeau Intern. Inc. v. Goodyear Tire & Rubber Co., 750 F.Supp. 1574 (S.D. Fla. 1990) (court would not stay case pending arbitration of the contract claim because plaintiff would have a cause of action for tortious interference regardless of the outcome of the arbitration).

Third, all that remains for this Court to do is to rule on an uncontested motion for a default judgment. This is not a case where a continued stay will save the parties or the Court extensive time and effort, simply because there are no contested proceedings.

Plaintiffs understand and accept the fact that the Court has not been satisfied with the level of proof available to prove its projected damages.  Accordingly, Plaintiff respectfully requests that the Court award Plaintiffs a Default Judgment which awards them out-of-pocket damages, which were detailed in the prior motion papers.

There are no non-defaulting Defendants presently in this case.  Thus, once the Motion for a Default Judgment is ruled upon, the case will be over.  Under these circumstances, there is little reason to wait possibly years for the ICSID proceeding to reach its conclusion.

Dated: August 18, 2009

By:_____

Daniel L. Abrams
Law Office of Daniel L. Abrams, PLLC
2 Penn Plaza, Suite 1910
New York, NY 10121
(212) 292-5663

Attorney For Plaintiffs
*Pro Hac Vice* Admission